## J. J. NEELD v. STATE.

No. A-7737. Opinion Filed March 28, 1931.
Rehearing Denied April 18, 1931.
(297 Pac. 825.)

 

Bond & Bond, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. Plaintiff in error was convicted in the county court of Stephens county of the unlawful possession of intoxicating liquor, and his punishment fixed by the jury at a fine of $250 and imprisonment in the county jail for a period of 60 days.

The evidence of the state was that the defendant was the proprietor of the Thompson Hotel in the city of Duncan, and had been for three or four years prior to the time this raid was made; that, as the officers went into the hotel, the defendant pulled a door to on one of the rooms; that the officers followed him in; that in one of the rooms they found a bed, a dresser, a couple of chairs, a little stand table, and water pitcher, some glasses, sugar, and spoons on the little table, two or three empty whisky bottles and some whisky in the pitcher; that they found a hole in the floor large enough to permit the insertion of a half-gallon jar; that they knew the hole was there and that the cover would fit it, because they had been there and raided the place before; that about a half-gallon of whisky

had been poured out in the hole recently; that they found about 200 empty jars, with six that contained some whisky and smelled strongly of whisky; that this place was a place of public resort where people congregated for drinking; that the place was a regular hotel where people stopped; that there was a register, and numerous people stopped there as transients, like they do at all hotels; that drunk people had been arrested in the hotel and others coming from the hotel; that one of the officers had seen whisky sold there in the room where defendant was arrested; that the place was frequently raided as a disorderly house.

Defendant did not take the witness stand, but introduced two instruments purporting to show that he had leased the premises to another party.

The evidence of the state is sufficient to support the verdict of the jury and the cause must be affirmed, unless the errors complained of by the defendant are sufficient to require a reversal of the case.

Defendant contends that the court erred in admitting evidence of the reputation of the place, without first showing that the place was a place of public resort.

The state first introduced evidence that the place was a place of public resort before offering its proof of reputation.

The defendant next contends that the trial court erred in overruling his motion for a new trial on the ground that the bailiff had communicated with the jury pending their verdict.

The record discloses that the bailiff was called to the door of the jury room by one of the jurors and asked to communicate with the judge; that this communication was

delivered to the judge in the presence of the county attorney and defendant's counsel; that thereupon the trial judge, in the presence of the county attorney and defendant's counsel, directed the bailiff to return to the jury room and advise them that their request could not be granted. The bailiff testified that he did not converse with the jurors about the case, and did and said nothing to influence the jury in reaching their verdict.

While this proceeding is irregular, it is not fatal to the verdict unless it is made to appear that the rights of the defendant were prejudiced thereby.

There being nothing in the record tending to prejudice the rights of the defendant, the court did not err in overruling the motion for a new trial upon such ground.

The errors of law complained of by the defendant being without substantial merit, the cause is affirmed.

DAVENPORT, P. J., concurs. EDWARDS, J., absent, not participating.